

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00408-CR

ALEJANDRO GAMBOA, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court of
Childress County, Texas
Trial Court No. 5913, Honorable Stuart Messer, Presiding

August 18, 2020

## ORDER ON MOTION FOR REHEARING

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before the Court is appellant's motion for rehearing. He again asserts that the orders amending the conditions of his community supervision referred to the conditions specified in the court's original judgment, and there were no such conditions in the original judgment deferring adjudication of his guilt. So, because the amendments mentioned only conditions in the judgment and said nothing about abiding by the conditions in the original order (not judgment) imposing the conditions, the amendments

relieved him from complying with the conditions imposed by the original order (not judgment).

Admittedly, appellant accurately describes the facts involved. The subsequent orders amending his conditions of community supervision referred to those in the "judgment" as opposed to the order originally imposing those conditions. But the trial court's intent is equally clear from those facts. It intended that the original conditions within the "order" imposing them remain effective. Yet, for some reason, the trial court used the word "judgment" for "order" when referring to the document containing the original conditions. To the extent that this circumstance created an "ambiguity" within the orders amending the conditions of supervision, as appellant argues, authority obligates us to construe a court's written edicts in a way that makes them serviceable as opposed to useless. *Tynes v. Mauro*, 860 S.W.2d 168, 172 (Tex. App.—El Paso 1993, writ denied) (stating that "[i]f possible, we construe a judgment so as to render it serviceable instead of useless"); *see In re Cantu*, No. 13-16-00632-CV, 2016 Tex. App. LEXIS 13060, at *11–12 (Tex. App.—Corpus Christi Dec. 8, 2016, orig. proceeding) (mem. op.). This is another way of saying that such orders and judgments must be construed in a way that effectuates each word said.

To adopt appellant's argument would be to render meaningless those portions of the subsequent orders stating that the original conditions imposed via the judgment remain effective. They could not serve any purpose because there were no conditions imposed in the original judgment, only those imposed in the original order. We must forgo reading the orders in question as being partially meaningless, and to do that, we construe them as referring to the original conditions of community supervision initially imposed via

2

order when referring to them as the conditions imposed via the original judgment. That construction reflects the trial court's intent and abides by the rule obligating us to read them in a way that makes them "serviceable as opposed to useless." And, in so reading them, we also conclude that the conditions of probation appearing in the original order and underlying the State's effort to revoke appellant's probation remained effective. That said, we deny the motion for rehearing and leave our original opinion and judgment in place.

It is so ordered.

Brian Quinn
Chief Justice

Do not publish.